IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-940-GMS |
| | ) |
| STATE OF DELAWARE DIVISION OF | ) |
| MOTOR VEHICLES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth")[1], filed this civil rights action complaining of the driver's license testing procedure used in the State of Delaware.[2] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Bridgeforth alleges that on several occasions during July 2014 he "suffered from defendants intentional infringement, antitrust and indifferent treatment" as a result of the Motor Vehicle staff increasing the testing questions supplied to him while he worked on "CDL" (i.e., commercial driver's license. Bridgeforth complains that the driver's license test is typically

---

[1] Bridgeforth was not incarcerated when he filed the lawsuit. He is currently being held at the Howard R. Young Correctional Institution in Wilmington, Delaware.

[2] Bridgeforth does not reference a particularly statute, but it appears the claim is brought pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

twenty questions, but the CDL test contained fifty questions.³ He also complains that the defendants changed the general knowledge test. Bridgeforth seeks compensatory damages and injunctive relief.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v.*

---

³The test for a Class D driver's license consists of thirty questions of which twenty-four must be answered correctly to pass the test. *See* http://www.dmv.de.gov/services/driver_services/drivers_license/dr_lic_written.shtml (Oct. 9, 2014). To obtain a CDL license, the applicant must complete a general knowledge test and, depending on the class of license or endorsements, there may be additional testing. *See* http://www.dmv.de.gov/services/driver_services/drivers_license/dr_lic_cdl.shtml (Oct. 9, 2014).

*Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed.

R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Bridgeforth has sued the State of Delaware Division of Motor Vehicles, the Commissioner of Motor Vehicles, and the Motor Vehicle Testing Center. The State of Delaware Division of Motor Vehicles and the Motor Vehicle Testing Center are immune from suit by reason of the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects a nonconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). In addition, dismissal is appropriate because the State of Delaware Division of Motor Vehicles and the Motor Vehicle Testing Center are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008) (unpublished).

With regard to the Commissioner of Motor Vehicles, it is evident that he is named as a defendant based upon his supervisory position. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir.

4

2009) (unpublished) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The complaint does not allege any direct or personal involvement by the Commissioner of Motor Vehicles.

Accordingly, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

___Oct 24___, 2014
Wilmington, Delaware

5